UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PATRINA SANKEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 20-cv-01218 |
| v. | ) | |
| | ) | |
| IMPACT RECEIVABLES MANAGEMENT, LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Patrina Sankey, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a concrete injury and harm to her reputation as a result of Defendant sharing of false information regarding alleged debts with a third party. *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018).

## PARTIES

1

5. Plaintiff, Patrina Sankey ("Plaintiff"), is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Marshall Field Garden Apartment rental account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

6. Defendant, Impact Receivables Management, LLC ("IRM"), is a Texas limited liability company with its principal place of business at 11104 West Airport Boulevard, Suite 199, Stafford, Texas. IRM does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service C., 801 Adlai Stevenson Drive, Springfield, IL 62703.

7. IRM is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others and is thus a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

8. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Marshall Field Garden Apartment rental account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

9. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

10. IRM subsequently began efforts to collect the alleged debt.

11. In response to collection attempts by Defendant, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on July 18, 2019, sent letter to IRM indicating that Plaintiff disputed the alleged debt. (Exhibit A, Dispute Letter).

12. IRM received Plaintiff's dispute on July 18, 2019.

13. Plaintiff's letter stated, in part, that the amount reported is not accurate.

14. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Evans*, No. 17-1773, 2018 WL 2035315, at *5. "There is simply no other way to interpret this language." *Id.*

15. On August 1, 2019, IRM communicated credit information regarding the alleged debt to the TransUnion consumer reporting agency, including a balance, an account number and the date reported. (Exhibit B, Redacted Excerpt from Plaintiff's TransUnion Report).

16. IRM failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to TransUnion regarding the alleged debt.

17. IRM had been notified approximately thirteen (13) days prior of Plaintiff's dispute.

18. Thirteen (13) days is sufficient time for a debt collector to update its records. *See Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was enough time for a debt collector to update their records with information from a consumer's letter).

19. 15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

20. IRM failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to the credit reporting agency.

21. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

22. IRM materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

23. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

24. Defendant's collection efforts, including the damage to her credit score, cause negative emotions including general annoyance, aggravation, and other garden variety emotional distress.

25. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

27. IRM failed to communicate a dispute to the TransUnion credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when it knew or should have known about the dispute and communicated other information regarding the alleged debt to TransUnion.

4

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendant as follows:

      A.      Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

      B.      Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

      C.      Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      D.      Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Michael Wood
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers LLC**
20 N. Clark Street, Suite 3100
Chicago, IL 60602
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com